

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2008

# USA v. Watkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3553

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Watkins" (2008). *2008 Decisions.* Paper 332.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/332

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3553
_____

UNITED STATES OF AMERICA

v.

MAURICE WATKINS (3)
aka REESIE (3),

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00309-3)
District Judge:  Honorable Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2008

Before:  FISHER, CHAGARES and HARDIMAN, *Circuit Judges.*

(Filed: October 24, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        This appeal arises out of Maurice Watkins' guilty plea to one count of conspiracy

to distribute and possess with intent to distribute one kilogram or more of heroin in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846, and the District Court's

subsequent sentence of 262 months' imprisonment.  After Watkins filed a timely notice of appeal, Watkins' counsel filed a brief and motion to withdraw representation pursuant to *Anders v. California*, 386 U.S. 738 (1967).  For the reasons that follow, we will grant counsel's *Anders* motion and affirm the District Court's judgment of sentence.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

On March 27, 2006, Watkins pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin.  As part of the written plea agreement, Watkins waived his right to appeal directly from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742 aside from two exceptions:  (1) if the Government appealed from the sentence; and (2) if the sentence (a) exceeded United States Code statutory limits, or (b) unreasonably exceeded the guideline range determined by the District Court under the U.S. Sentencing Guidelines ("Guidelines").

The U.S. Probation Office prepared a Presentence Investigation Report ("PSR"), which the District Court adopted without any changes.  Utilizing the applicable Guidelines, the PSR determined Watkins' total offense level was 34.  The base offense level for a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846, where the offense included at least one kilogram of heroin is 32, and the PSR recommended a three-level downward adjustment for acceptance of responsibility based on Watkins' guilty

2

plea. Additionally, Watkins is a career offender under the Guidelines because he was at least eighteen years old at the time he committed the instant offense of conviction, this conviction is a felony controlled substance offense, and he has at least two prior felony convictions of either a crime of violence or a qualifying controlled substance offense. U.S.S.G. § 4B1.1. Under the Guidelines, Watkins' offense level as a career offender was 37, with a three-level reduction for acceptance of responsibility, reducing his total offense level to 34. Watkins has a criminal history score of 17, placing him in a criminal history category of VI. Based on these calculations, his advisory Guidelines range was 262 to 327 months' imprisonment.

Prior to sentencing, Watkins told his counsel that he intended to inform the District Court that counsel had been ineffective and had lied to him in order to induce him to enter a plea, and that accordingly he wished to withdraw his plea. On appeal, among other things, Watkins primarily disputes the amount of heroin attributed to him in his plea agreement. At Watkins' sentencing on July 19, 2006, the District Court refused to allow Watkins to withdraw his plea, finding it to have been made knowingly and voluntarily, and finding the quantity of heroin attributed to Watkins to have been inapposite, stating that Watkins' sentence was determined based on his criminal history. Based on Watkins' PSR, the District Court imposed a 262-month sentence, as well as a special assessment totaling $100 and supervised release for a term of five years.

Watkins filed a timely pro se notice of appeal. Concluding that there were no nonfrivolous issues to appeal, Watkins' counsel filed a motion to withdraw and a

3

supporting brief. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

In *Anders*, the Supreme Court held that "if counsel finds his [client's appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. In doing so, counsel must submit a brief addressing any issue that "might arguably support the appeal." *Id.*; *see also* L.A.R. 109.2(a).[1] We must then determine whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. In making this determination, we evaluate: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

## III.

## A.

Under the first prong of the *Youla* inquiry, counsel must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Youla*, 241 F.3d at 300. In his brief, counsel

---

[1]Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States" (citations omitted).

addressed three possible issues: (1) whether the District Court incorrectly sentenced Watkins based on the disputed amount of heroin attributed to him; (2) whether Watkins' guilty plea was valid; and (3) whether Watkins had a basis to appeal any issues not waived in his plea agreement, particularly whether the District Court had correctly calculated Watkins' Guidelines range and taken all relevant sentencing factors into consideration. Counsel also provided an explanation as to why each of these issues is frivolous. Having reviewed counsel's brief and the accompanying materials, we conclude that he has satisfied this requirement.

B.

After concluding that counsel has satisfied the first prong, we must then review the record and determine whether any nonfrivolous issues for appeal exist. "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Anders*, 386 U.S. at 744). Although our review is independent, if the *Anders* brief appears to be adequate on its face, a "complete scouring of the record" is unnecessary. *Youla*, 241 F.3d at 301. Instead, we can allow the *Anders* brief to guide our review. *Id.* In the present case, counsel's *Anders* brief is adequate on its face and, thus, it will guide our review.

First, counsel raises the issue whether the District Court incorrectly sentenced Watkins based on the disputed amount of heroin attributed to him. Watkins argues he did not have over a kilogram of heroin in his possession when arrested, should have been sentenced for less than one kilogram rather than for not more than three kilograms of

5

heroin, and that he believed he would have a chance to dispute the heroin amount to which he pled before sentencing. Watkins' counsel agrees that the District Court properly calculated Watkins' criminal history and sentence on the basis of his career criminal status, that there were no additional facts or circumstances that would support any downward departure, and that Watkins stipulated in his plea agreement that he was responsible for not more than three grams of heroin. Counsel, the Government, and the District Court all agree the amount of heroin attributed to Watkins would not have changed his sentence calculations. Therefore, the District Court correctly calculated Watkins' Guidelines range regardless of the amount of heroin attributed to him.

Second, counsel raises the issue of whether Watkins' guilty plea was valid. For a guilty plea to meet the constitutional requirements established in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the statutory requirements of Federal Rule of Criminal Procedure 11, we have stated that, during the plea colloquy:

> "The court must advise the defendant, inter alia, of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines [and] . . . discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence. The district court must ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty."

*United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006) (internal quotation marks and citations omitted). After reviewing the record of the plea colloquy, we conclude that the District Court thoroughly advised Watkins of all of the above issues,

6

Watkins indicated that he understood the consequences of his plea, and that he entered his plea knowingly and voluntarily. Therefore, this issue lacks merit.

Finally, we agree with counsel that no nonfrivolous issues to appeal exist as to the District Court's sentencing of Watkins. Watkins limited his right to appeal his sentence except for two narrow circumstances, namely if the government appeals Watkins' sentence, or if his sentence exceeds United States Code statutory limits or unreasonably exceeds the Guidelines range. Neither of these situations has occurred. The District Court properly calculated the Guidelines range of 262 to 327 months as required by *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Further, the District Court gave Watkins a 262-month sentence, at the bottom of his advisory range. Moreover, Watkins' sentence was not unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), and its progeny because the District Court adequately considered the 18 U.S.C. §3553(a) factors in determining Watkins' sentence. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). The District Court correctly calculated Watkins' Guidelines range and took all relevant sentencing factors into consideration. Accordingly, our independent review of the record demonstrates that Watkins has no nonfrivolous issues for appeal.

IV.

7

For these reasons, we will grant defense counsel's *Anders* motion and affirm the sentence imposed by the District Court.[2]

---

[2]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Watkins' behalf. *See* L.A.R. 109.2(b).